IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ANGELICA MITCHELL,** individually and on behalf of those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **ELECTRIC BEACH TANNING SALON LTD.; V F V INC.; ULTRAMAX INDUSTRIES, INC.; and MICHAEL A. VOJACK, individually,** <br><br> Defendants. | **Case No. 18 C 7475** <br><br> **Judge Harry D. Leinenweber** |

### MEMORANDUM OPINION AND ORDER

For the reasons stated herein, Defendants' Partial Motion to Dismiss (Dkt. No. 14) is denied with leave to re-file. The Court directs Plaintiff to amend her Complaint to provide a more definite statement of her claims.

### I. BACKGROUND

Defendants Electric Beach Tanning Salon Ltd., V F V Inc., and Ultramax Industries (collectively the "Corporate Defendants") are corporations doing business in Illinois. (Compl. ¶ 16.) Each of the three Corporate Defendants operates one retail tanning salon in the Northwest suburbs of Chicago. (Compl. ¶ 17, Dkt. No. 1.) All three Corporate Defendants operate from the same business

address, and have the same owner, operator, president, secretary, service agent, and manager—Defendant Michael Vojack ("Vojack"). (Compl. ¶¶ 38, 40, 47.)

In 2017, Plaintiff Angelica Mitchell ("Mitchell") worked at all three of the tanning salons that Corporate Defendants operate. (Compl. ¶¶ 81, 93.) Mitchell was an hourly employee, paid at a base rate of $8.50 per hour, with the potential for pay increases from commissions and bonuses. (Compl. ¶ 82.) The Corporate Defendants did not pay Mitchell for all the hours she worked. (Compl. ¶¶ 85-86.) Mitchell regularly worked "off the clock," due to a practice called "time shaving" in which employers clock their employees out at closing time, rather than when the employees actually finish work. (Compl. ¶¶ 86-88.) Furthermore, despite working significantly more than 40 hours per week, the Corporate Defendants did not pay Mitchell overtime wages at any point. (Compl. ¶¶ 84, 93, 100.) Mitchell alleges that although the Corporate Defendants operate as one employer, Vojack and the Corporate Defendants engage in a scheme of paying employees through three different companies to avoid paying overtime wages. (Compl. ¶ 91.) In one two-week pay period Mitchell worked 26 hours for one Corporate Defendant, 35.3 hours for another, and 40 hours for the third, but she received no overtime. (Compl. ¶ 93.) In another two-week pay period, Mitchell worked 17, 44, and 39.3 hours for

the three Corporate Defendants, again with no overtime pay. (Compl. ¶¶ 100-01.)

On November 12, 2018, Plaintiff filed suit against Corporate Defendants and Vojack, alleging various wage theft claims. On January 11, 2019, all Defendants filed the instant Motion pursuant to Rule 12(b)(6), arguing: (1) the FLSA and IMWL claims against Vojack individually must be dismissed because Plaintiff has not established that Vojack is an "employer" for purposes of those statutes; and (2) all claims for unpaid overtime must be dismissed because Plaintiff has not pled sufficient facts to establish a joint employer relationship. (Defs.' Mot., Dkt. No. 14.) But as explained below, the Court need not address Defendants' arguments, for it finds the Plaintiff's Complaint wanting.

## II. DISCUSSION

The Court declines to consider Defendant's Motion to Dismiss at the present moment, and instead orders Plaintiff to amend her Complaint to provide a more definite statement of her claims. Plaintiff's Complaint suffers from several drafting issues that render it imprecise and difficult to follow. As it currently stands, the Complaint lacks specificity regarding which claims are brought against which Defendants. It appears to the Court that Plaintiff brings four counts: (1) a putative class action for violating the Illinois Minimum Wage Law ("IMWL"); (2) a putative

class action for violating the Illinois Wage Payment and Collection Act ("IWPCA"); (3) a putative 29 U.S.C. § 216(b) collective action for violating the Fair Labor Standards Act ("FLSA"); and (4) an individual claim by Mitchell for her last paycheck, which she still has not received. However, the Court is not able to determine whether these claims are brought against Vojack, the three Corporate Defendants, or some combination of the four.

Throughout her Complaint, Plaintiff alternates between "Corporate Defendants," "Vojack," "the Defendant," and "Defendants," with no consistent usage or clarity on which claim is being brought against which party. Early in her Complaint, Plaintiff states that "Vojack is named as a defendant pursuant to the FLSA, IMWL and IWPCA as these managers/owners [sic] were the ultimate decision makers for the various wage violations." (Compl. ¶ 38.) However, the Complaint later states that the FLSA and IMWL claims are brought against "Defendant," "Defendants," and "Defendant DEFENDANTS." (Compl. ¶¶ 117-124; 142-56 (emphasis in original).) Only Plaintiff's IWPCA claim mentions Vojack as an individual defendant. (Compl. ¶ 141.) The Complaint also states that the "Individual Defendants" were the "owners/managers who… create[d] three 'separate' corporations and/or to shave employees work hours." This use of the plural confuses which Defendant is allegedly responsible for the wage theft violations. (Compl. ¶

39.) Furthermore, the Complaint at one point references a fourth individual claim by Mitchell for an unpaid paycheck (again, without specifying which Defendant is responsible for this injury) (Compl. ¶ 5). However, the Complaint then goes on to list only a "first," "second," and "third" claim for relief—leaving off the fourth claim and raising doubt as to whether Plaintiff is indeed seeking relief on that issue. (Compl. ¶¶ 117-56.) Additionally, although the Complaint mostly alleges that all three Corporate Defendants are "joint employers" (*see, e.g.,* Compl. ¶ 33), it also states that "employees for one corporate does [sic] work for and by direction of the other corporation"—implying that one of the three companies may not be joint. (Compl. ¶ 43.) These contradictions and inconsistencies are more than mere typos. Collectively, they render Plaintiff's claims impermissibly vague. *See* FED. R. CIV. P. 8(a)(2), 8(d)(1).

Per Rule 12(e), a court may order a party to file a more definite statement when the original pleadings are "so vague or ambiguous" that the opposing party cannot reasonably be required to frame a response. *In re S.M. Acquisition Co.*, No. 05 C 7076, 2006 WL 2290990, at *3 (N.D. Ill. Aug. 7, 2006); FED. R. CIV. P. 12(e). In this case, Defendants have responded in their Answer and Motion to Dismiss. However, as Defendants state in their Motion, they are "left to speculate as to which of the Corporate

Defendants Plaintiff is referencing" in certain claims. (Defs.' Mot. at 8.) For the sake of judicial efficiency and clarity, the Court need not decide a motion to dismiss based on Defendants' speculation. *See* Fed. R. Civ. P. 1. Although parties usually raise Rule 12(e) by motion, a court has the discretion to order a more definite statement *sua sponte* with appropriate notice and as needed. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *Yates v. Checkers Drive-In Restaurants, Inc.*, No. 17-CV-9219, 2018 WL 3108889, at *2 (N.D. Ill. June 25, 2018); *In re S.M. Acquisition Co.*, 2006 WL 2290990, at *3.

A Rule 12(e) order may be appropriate when, as here, a complaint fails to put defendant(s) on notice as to which of claims apply to what parties. *See Collins v. Illinois*, No. 03-3159, 2006 WL 3627639, at *4 (C.D. Ill. Dec. 11, 2006) (granting Rule 12(e) motion when the court was unable to ascertain which of the plaintiff's claims applied to each individual defendant, giving the defendants insufficient notice of the allegations against them); *Ultra Athlete LLC v. Jalmar Araujo*, No. 417CV00237, 2019 WL 1003337, at *5-6 (S.D. Ind. Mar. 1, 2019) (denying Rule 12(e) motion when the court found that the plaintiff sufficiently identified the acts attributable to each defendant). However, an order for a more definite statement should not be interpreted as a request for more factual details. *Rosenbaum v. Seybold*, No. 106-

CV-00352, 2007 WL 1959241, at *2 (N.D. Ind. July 2, 2007). The Court will delve into the sufficiency of Plaintiff's factual allegations when this case once again reaches the motion to dismiss stage.

Accordingly, the Court orders Plaintiff to amend her Complaint to provide a more definite statement of her claims against Defendants. At a minimum, Plaintiff's amended complaint should include a simple, concise statement of each claim, and clearly name the Defendant(s) against which each claim is brought. The amended complaint should clearly label each party at the outset (*e.g.*, "Corporate Defendants," "Vojack," "all Defendants") and use those labels consistently throughout. The Court strongly suggests that Plaintiff take this opportunity to correct other statements in the Complaint that are inconsistent (*see, e.g.*, Compl. ¶¶ 86, 97, 102 (stating first that Plaintiff worked "10-20," then "1-2," hours off the clock in any given pay period)) or redundant (*see* Compl. ¶¶ 58, 60, 62, 73, 75, 77 (identical paragraph included six times)).

### III. **CONCLUSION**

For the reasons stated herein, Defendants' Partial Motion to Dismiss (Dkt. No. 14) is denied with leave to re-file. Plaintiff

is directed to amend her Complaint to provide a more definite statement of her claims.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　／s／ Harry D. Leinenweber
　　　　　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　　　　　United States District Court

Dated: 3/7/2019