IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Angelica Mitchell, individually and on behalf of all persons similarly situated as class representative under Illinois Law and/or as members of the Collective as permitted under the Fair Labor Standards Act; | )<br>)<br>)<br>) CASE NO 18 CV 7475<br>)<br>)<br>)<br>) |
| Plaintiff, | ) Honorable Harry D. Leinenweber<br>) |
| vs. | ) |
| Electric Beach Tanning Salon Ltd., V F V Inc., Ultramax Industries, Inc and MICHAEL A VOJACK as an individual under the FLSA and Illinois Wage Laws | )<br>)<br>) |
| Defendants. | ) **JURY TRIAL DEMANDED ON ALL COUNTS**<br>) |

**PLAINTIFF'S MOTION FOR ENTRY OF ORDER OF JUDGMENT FOR PLAINTIFF AND
RELATED RELIEF OF DETERMINATION OF REASONABLE ATTORNEY FEES AND COSTS**

COMES NOW Plaintiff, individually and on behalf of others similarly situated, by and through her attorney John Ireland, and Motions this Court for Entry of Judgment for the Plaintiff and Against all Defendants and for related relief of determination of Fees and Cost via Local Rule 54 and for briefing on determination of reasonable Attorney Fees and Costs, In Support of this Motion, Plaintiff states in support the following:

1. Plaintiff brought this individual, Class and Collective action to challenge Defendants' violations of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). This case is filed to recover unpaid wages for

1

overtime and/or minimum wages owed for work performed for which Plaintiff was not compensated. (See Plaintiff's Complaint; Docket Document # 1).

2. Plaintiff also claimed her last paycheck for over fifty hours of work time was unpaid in violation of numerous wage laws. (Id).

3. Defendants filed an Answer and denied nearly every fact, including the last check claim.

4. Subsequently Defendants admitted, via Interrogatory Answer, that Plaintiff's last check was not paid, but blamed Plaintiff for somehow causing Defendants failure to pay her earned wages.

5. Plaintiff also sought, via FLSA Collective Motion, to have other similarly situated employees also paid wages deprived by Defendants illegal wage schemes. (See Docket Document #6), however, the court did not rule upon that Motion.

6. After pursuing discovery and the Collective Action with vigor, the Defendants have admitted that Plaintiff was Just and Right in her claims and have made an Offer of Judgment. (see Defendants Offer of Judgment, attached to this Motion as Exhibit 1).

7. Within the required fourteen days period that the Offer of Judgment was available, Plaintiff accepted that Offer and filed the Offer and Acceptance on the Docket. (See Plaintiff's Acceptance of the Offer of Judgment, attached to this motion as Exhibit 2; see also Docket Document # 29).

8. Plaintiff Now Motions this Court for Entry of an Order, finding Judgment for the Plaintiff and against all of the Defendants.

9. Additionally, as the Defendants Offer of Judgment included an Offer for determination of the reasonable Attorney Fees and Costs by the court, (see Ex. 1), Plaintiff also asks the court to allow for that determination.

**10.** Plaintiff has filed, in conjunction with this Motion and the Acceptance of the Offer of Judgment, a short Motion for Fees and Costs with some supporting materials. However, Plaintiff's short Motion is provided pursuant to Federal Rule of Civil Procedure 54, which *requires* a filing of a Fee Petition within fourteen (14) days via motion[1].

**11.** However Rule 54 allows for later submission of related Evidence, Memorandum, Affidavits in Support and other evidence. The timing of that later evidentiary submissions is not specified in the Federal Rules.

**12.** Additionally, the Local Rules of this Court also detail procedures for submission and determination of Attorney Fee Petitions.

**13.** Local Rule 54 reads (in part):

**(b) Time to File.** Either before or after the entry of judgment the court may enter an order with respect to the filing of a fee motion pursuant to Fed.R.Civ.P. 54. Unless the court's order includes a different schedule for such filing, the motion shall be filed in accordance with the provisions of this rule and shall be filed and served no later than 91 days after the entry of the judgment or settlement agreement on which the motion is founded. If the court has not entered such an order before a motion has been filed pursuant to Fed.R.Civ.P. 54(d)(2)(B), then after such filing the court may order the parties to comply with the procedure set out in this rule as a post-filing rather than as a pre-filing procedure.

---

[1] Plaintiff is aware that the Fee Petition Motion was filed before the Judgement was entered, thus Plaintiff will refile the motion.

14. Thus here the Court may enter an Order instituting this Fee Petition procedure, and the rule allowing for procedures under Local rule 54, after the Order is entered the rules are Mandated, in that the parties shall follow local rule rules for Fee petitions.

15. Plaintiff asks the Court to Enter that Order, and allow for the application of Local Rule 54, as it allows for full determination and adjudication of Fees. For example, Local Rule allows Plaintiff to have access to the Defendants' Fee payments and time-records, to allow for consideration of reasonableness of the Plaintiff's fees, compared in part to the Defendants Fee payments.

Wherefore for these reasons, Plaintiff respectfully requests that this Court:

a) Enter Judgment for the Plaintiff Angelica Mitchell and Against Electric Beach Tanning Salon Ltd.,

b) Enter Judgment for the Plaintiff Angelica Mitchell and Against V F V Inc.,

c) Enter Judgment for the Plaintiff Angelica Mitchell and Against Ultramax Industries, Inc

d) Enter Judgment for the Plaintiff Angelica Mitchell and Against MICHAEL A VOJACK

e) Enter an Order allowing for application of Local Rule 54 for determination and briefing on Plaintiff's Fees and Costs.

f) Other Relief that is Just and Right.

Respectfully submitted,
/S/ John C. Ireland
Dated April 20, 2019

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL      60177
630-464-9675                    Fax 630-206-0889

[attorneyireland@gmail.com](mailto:attorneyireland@gmail.com)